IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GONE GATOR MUSIC, et al.　　　　　　　　： 　CASE NO. 1:07cv02302

　　　　　　　Plaintiff(s),　　　　　　： 　Judge Christopher A. Boyko

　vs.　　　　　　　　　　　　　　　　：

WOODY'S BAR & GRILLE, LTD., et al.　：

　　　　　　　Defendant(s).　　　　　：

### FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

The complaint in the above-captioned action having been filed on July 30, 2007 and the

defendants Woody's Bar & Grille, Ltd. ("Woody's") and Charles A. Schill ("Schill") having

been properly served on September 20, 2007 and August 31, 2007, respectively, and now hereby

agree that the Court may find: (1) that Plaintiffs were, on the dates alleged on Schedule "A" to

the complaint, the respective owners of valid copyrights in the songs listed on Schedule "A" to

the complaint; (2) that Plaintiffs' songs were performed at Doghouse Bar & Grill without

permission of the Plaintiffs or license from their performing rights licensing organization the

American Society of Composers, Authors and Publishers ("ASCAP"); (3) that such

performances of Plaintiffs' copyrighted songs were willful infringements of Plaintiffs'

copyrights by Woody's; and (4) that there is a danger that such infringing conduct will continue,

thereby causing irreparable injury to Plaintiffs for which damages cannot be accurately

computed, and necessitating the granting of injunctive relief against Woody's continued

infringing conduct; and the parties having further agreed, that the Court shall enter final

judgment on the foregoing findings.  It is therefore,

ORDERED, ADJUDGED AND DECREED:

1. Woody's is enjoined and restrained permanently from publicly performing or causing the public performance of any of the Plaintiffs' copyrighted musical compositions and all other compositions in the ASCAP repertory at Doghouse Bar & Grill, or at any other facility owned, operated or conducted by Woody's and from aiding and abetting public performances of such compositions, unless Woody's has previously obtained permission for such performances either directly from the Plaintiffs, the copyright owners, or by license from ASCAP.

2. Woody's shall pay to Plaintiffs the sum of $15,000 ("the Judgment Amount"); provided, however, that this sum may be satisfied upon Woody's payment to ASCAP of $10,000 ("the Settlement Amount") made as follows:  $1,500 by February 29, 2008; $500 per month for seventeen (17) consecutive months, beginning on April 1, 2008 and due the first of each month. Defendants shall have a grace period of five (5) business days in which to make the seventeen (17) consecutive $500 payments.  Payments shall be made by certified or cashier's check and delivered by express courier to: ASCAP, Legal Department, One Lincoln Plaza, New York, NY 10023, Attention: Melissa Battino Purin, Esq.

3. Contemporaneously with the execution by the parties of this Consent Judgment, ASCAP shall offer and Woody's shall accept and execute an ASCAP General License Agreement for Doghouse Bar & Grill, for the term commencing March 1, 2008 and ending February 28, 2009, at the current applicable rate (the "License Agreement") and for each subsequent year thereafter that Woody's operates Doghouse Bar & Grill at the then applicable rate.  Woody's agrees that it will comply with all of the terms and conditions of such License Agreement, including the timely payment of any and all license fees due thereunder.

2

4. Upon timely receipt of the aforementioned Settlement Amount, Woody's shall be deemed to have paid ASCAP an amount representing license fees for Doghouse Bar & Grill for all periods through February 28, 2009 and an additional sum representing damages and legal expenses incurred by ASCAP on behalf of Plaintiffs in the prosecution of this action; provided that in no event or circumstance shall ASCAP owe any reimbursement of, or be obligated to return, any portion of the Settlement Amount, even if the operating policy of Doghouse Bar & Grill changes prior to February 28, 2009 such that a lower license fee would be applicable than the current rate, or if the establishment is sold or closes. Plaintiffs shall thereupon file a Satisfaction of Judgment with this Court.

5. In the event Woody's enters into or executes a contract for the sale, transfer or assignment of Doghouse Bar & Grill during the period covered by the payment provisions of Paragraph 2 above, Woody's shall pay ASCAP the balance of the Settlement Amount then owed within ten (10) business days of Woody's receipt of the proceeds of such sale, assignment or transfer.

6. In the event that Woody's defaults in making any payments required by this Consent Judgment; or defaults in any other terms of this Consent Judgment; or defaults in any of the terms of the License Agreement; or in the event that Woody's files for bankruptcy; or in the event of any change of ownership therein, except as set forth in Paragraph 5 above, then on ten (10) days notice of such default or other event, and provided such default is not cured within the ten-day period, Plaintiffs immediately may execute on this Consent Judgment for the Judgment Amount ($15,000), plus statutory interest from the date of this Consent Judgment, less any payments made by Woody's pursuant to Paragraph 2 of the Consent Judgment.

3

7. Plaintiffs agree that the complaint shall be dismissed with prejudice as against

defendant Schill based on representations by Defendants that Schill was not, during the period of

time described in the complaint, responsible for the control, management, operation, or

maintenance of the affairs of Woody's and that Schill did not actively assist, cooperate,

acquiesce, or procure the infringing activities described in the complaint.

8. Any notices required by this Consent Judgment to be sent either to ASCAP or to

Plaintiffs shall be sent by regular U.S. Mail or overnight delivery service to Plaintiffs'

undersigned counsel at her offices; or to Defendants at _____, with a copy to

Defendants' undersigned counsel at his offices.

9. The parties stipulate to the entry of judgment consistent with the terms stated herein.

Dated this _3/_ day of ~~February~~ *March*, 2008.

BY: _____
_____ as *member* of
Woody's Bar & Grille, Ltd.

STATE OF OHIO      )
                            ) ss.
COUNTY OF _Cuyahoga_  )

Personally appeared before me, on the _31st_ day of ~~February~~ *March* 2008, the undersigned
authority in and for the aforesaid jurisdiction _William J Schill_ who acknowledged to me under
oath that he is the _member_ of Woody's Bar & Grille, Ltd. with authority therefrom, and
verifies the foregoing Consent Judgment; and that the facts stated therein are true and correct.

Witness my hand and official seal. Sworn before me this _31st_ day of ~~February~~ *March*, 2008.

_____
Notary Public

Shelly M. Miller
Notary Public, State of Ohio
My Commission Expires 06/11/2011

READ AND APPROVED BY:

Deborah A. Wilcox (0038770)
Christina J. Moser (0074817)
BAKER & HOSTETLER, LLP
Attorneys for Plaintiffs
3200 National City Center
1900 East 9th Street
Cleveland, OH 44114-3485
Tel: (216) 621-0200
Fax: (216) 696-0740
Email: cmoser@bakerlaw.com
        dwilcox@bakerlaw.com

Attorneys for Plaintiffs

Ronald H. Lasko (0023414)
Thomas J. Vozar (0037417)
LASKO &ASSOCIATES CO., L.P.A.
1406 West Sixth Street, Suite 200
Cleveland, Ohio 44113-1300
Telephone: 216-574-2600
Facsimile: 216-574-2800
Email: rlasko@laskolpa.com
        tvozar@laskolpa.com

Attorneys for Defendants

BY THE COURT:

Christopher a Boyko

United States District Judge

4/4/08
Date

Respectfully submitted,

5